UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ANTHONY DULAK,

    Petitioner,

                                    CASE NO. 14-12925

v.

                                    PAUL D. BORMAN

PAUL KLEE,                        UNITED STATES DISTRICT JUDGE

    Respondent.
_____/

## **ORDER DENYING PETITIONER'S MOTION FOR A STAY (Dkt. #3),**

This is a habeas corpus action under 28 U.S.C. § 2254. Currently pending before the Court is Petitioner's motion for a stay of these proceedings while he pursues additional state remedies. As further explained below, Petitioner does not have an available remedy to exhaust. Therefore, his motion is denied.

### I. Background

In 2009, a jury in Menominee County Circuit Court found Petitioner guilty of first-degree (felony) murder, Mich. Comp. Laws § 750.316(1)(b), and on January 14, 2010, the trial court sentenced Petitioner to life imprisonment. On appeal from his conviction, Petitioner alleged that his trial attorney was ineffective for failing to object to the autopsy photographs, character evidence and alleged prosecutorial misconduct and for introducing an accomplice's statements. Petitioner also alleged that the prosecutor engaged in misconduct by appealing to the jurors' sympathy and expressing an opinion about him.

The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished, *per curiam* opinion. *See People v. Dulak,* No. 296639, 2011 WL 1781898 (Mich. Ct. App. May 10, 2011). On November 21, 2011, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Dulak*, 490 Mich. 912 (2011).

Petitioner alleges that, in November of 2012, he filed a *pro se* motion for relief from judgment in which he raised issues about his trial and appellate attorneys and the trial court's jury instructions. The state trial court denied his motion, and on September 24, 2013, the Michigan Court of Appeals denied leave to appeal the trial court's decision. On April 28, 2014, the Michigan Supreme Court denied leave to appeal because Petitioner had failed to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Dulak*, 495 Mich. 993 (2014).

On July 26, 2014, Petitioner filed his habeas petition through counsel. His first claim alleges that trial counsel was ineffective for: (a) introducing evidence of the non-testifying co-defendant's custodial statement; (b) failing to object to gruesome autopsy photographs; (c) failing to object to character evidence; and (d) failing to object to prosecutorial misconduct. The second and final habeas claim alleges that the prosecutor deprived Petitioner of due process of law and an impartial jury by: (a) persistently introducing evidence of Petitioner's bad character; (b) appealing to the jury's sympathy; and (c) expressing his personal belief in the evidence and vouching for witnesses.

After the Court ordered respondent Paul Klee to file an answer to the petition,

Petitioner moved for a stay so that he can exhaust additional state remedies. The issues which he claims are unexhausted and which he wants to raise in state court challenge: (a) trial counsel's waiver of the right to confrontation and counsel's failure to (i) call an expert toxicologist, (ii) object to the jury charge, (iii) challenge the medical examiner, and (iv) investigate third-party guilt; (b) the trial court's jury charge; (c) the use of perjured testimony; and (d) appellate counsel's performance. Respondent has not filed an answer to Petitioner's motion, and his response to the habeas petition is not due until February 2, 2015.

## II.  Analysis

State prisoners are required to present all their claims to the state court before raising their claims in a federal habeas corpus petition. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845 (1999). And federal district courts ordinarily have authority to issue stays. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). But Petitioner's only post-conviction remedy at this stage of the proceedings is to file a motion for relief from judgment under Subchapter 6.500 of the Michigan Court Rules. He has already filed one such motion, and Michigan Court Rule 6.502(G)(1) provides that, after August 1, 1995, a defendant may file only one motion for relief from judgment with regard to a conviction. The state court must return any successive motions for relief from judgment without filing them, and the defendant may not appeal the denial or rejection of a successive motion. *Id*.

An exception to Rule 6.502(G)(1) exists where the defendant relies on a retroactive change in the law or a claim of new evidence that was not discovered before the first such motion. Mich. Ct. R. 6.502(G)(2). Petitioner, however, is not relying on a retroactive change in the law or on new evidence. In fact, he appears to want to "federalize" or to expand on claims that he previously presented to the state courts. Because he does not have an available remedy to exhaust, his motion for a stay (Dkt. #3) is denied.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: December 10, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 10, 2014.

s/Deborah Tofil
Case Manager